IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ALVIN MESSINGER

      Plaintiff,

v.              CIVIL ACTION NO. 2:18-cv-00912

WINDOW WORLD, INC., et al.,

      Defendants.

MEMORANDUM OPINION AND ORDER

I.  Introduction

This action was removed from state court by Defendant Window World, Inc. on May 11, 2018, solely on the basis of diversity jurisdiction. Not. Removal [ECF No. 1] 1. For jurisdictional purposes, Defendant Window World, Inc. is a citizen of North Carolina, and the plaintiff is a citizen of West Virginia. *Id.* at 2.

On August 1, 2018, the court granted the plaintiff's unopposed Motion to Amend Complaint [ECF No. 26] to add Hanshaw Enterprises, Inc. (a West Virginia corporation) and John Doe, unknown contractor, as defendants. The Amended Complaint states that this court retains jurisdiction over the subject matter of this case "pursuant to diversity jurisdiction." Am. Compl. [ECF No. 36] ¶ 5. However, the joinder of Hanshaw Enterprises, Inc. ("Hanshaw Enterprises") as a defendant destroys complete diversity of citizenship because "diversity jurisdiction does not

exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). For this reason, the court reconsiders the decision permitting amendment and **REMANDS** this case to the Circuit Court of Lincoln County, West Virginia.

II. Discussion

"[W]hen a trial court grants a plaintiff leave to amend the complaint by naming additional defendants, and the plaintiff fails to inform the court that one or more of those defendants will destroy diversity, the trial court may reconsider its earlier decision." *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 307 (8th Cir. 2009); *see also Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 761 (7th Cir. 2009) ("when a district court is unaware that joinder will destroy diversity, it may reconsider its prior decision permitting leave to amend a complaint") (citing *Mayes v. Rapoport*, 198 F.3d 457, 462 n.11 (4th Cir. 1999)). In this case, the plaintiff is a citizen of West Virginia, and the Amended Complaint states that Defendant Hanshaw Enterprises "is a West Virginia corporation." Am. Compl. ¶ 2. The parties failed to inform the court that the joinder of Hanshaw Enterprises would destroy diversity jurisdiction. Thus, the court revisits the Order [ECF No. 35] granting the plaintiff's Motion to Amend to join Hanshaw Enterprises as a defendant in this matter.[1]

---

[1] Because the court finds the joinder of Hanshaw Enterprises proper and remands the action, the court does not reconsider the propriety of joining John Doe, unknown contractor. The court notes, however, that "[s]ound authority supports the general proposition that the 'John Doe' practice is unwarranted in diversity cases." *Johnson v. Gen. Motors Corp.*, 242 F. Supp. 778, 779 (E.D. Va. 1965).

When a plaintiff seeks to join a nondiverse defendant after removal, "the district court's analysis begins with 28 U.S.C. § 1447(e)." *Mayes*, 198 F.3d at 461. Section 1447(e) "provides the district court with two options: 'If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.'" *Id.* at 461–62. These are the only options "for a district court faced with a post-removal attempt to join a nondiverse defendant; the statute does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined in the case." *Id.* at 462. Here, the plaintiff seeks to join Hanshaw Enterprises, a nondiverse defendant, after removal, which would destroy complete diversity of citizenship.

The decision on whether to permit joinder of a defendant under these circumstances "is committed to the sound discretion of the district court." *Id.* The Fourth Circuit has held that the district court is entitled to consider all relevant factors, including: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.*

The court finds that the joinder of Hanshaw Enterprises was proper. When the plaintiff filed his Complaint, he believed that he purchased the windows at issue in this case from a franchise owned by Window World, Inc. After removal, the plaintiff

3

learned that Hanshaw Enterprises sold him the windows and allegedly retained an inappropriate contractor to install the windows. The plaintiff then sought to add Hanshaw Enterprises as a defendant.

The court finds that there is no indication that the plaintiff sought leave to amend his Complaint to defeat federal jurisdiction. To the contrary, the plaintiff moved to amend to join Hanshaw Enterprises based upon information that became known to the plaintiff after removal regarding the identity of the seller of the windows at issue. The plaintiff did not discover that Hanshaw Enterprises sold him the windows or hired a purportedly inappropriate contractor to install the windows until the filing of Window World Inc.'s Third-Party Complaint [ECF No. 5]. The court also notes that the plaintiff did not move to remand the action, indicating that the plaintiff did not seek amendment for the purpose of defeating diversity jurisdiction.

Nor was the plaintiff dilatory in seeking amendment. The plaintiff's Motion to Amend was filed before the deadline for amended pleadings and joinder of parties set forth in the Scheduling Order [ECF No. 20]. It was also filed within a reasonable time after the filing of Window World, Inc.'s Third-Party Complaint against Hanshaw Enterprises. Moreover, Defendant Window World, Inc. failed to respond to the plaintiff's Motion to Amend and has therefore provided no indication that the plaintiff improperly sought leave to amend or was dilatory in doing so.

The plaintiff would also be injured if amendment is not allowed: Hanshaw Enterprises was the entity that sold the allegedly defective windows to the plaintiff,

not Window World, Inc. The plaintiff seeks to assert, among other claims, a breach of contract claim against Hanshaw Enterprises regarding the purchase and installation of the windows at issue. Am. Compl. ¶ 22. The plaintiff contends that this breach of contract damaged his personal property and his health. *Id.* The plaintiff also seeks to assert a negligent retention claim against Hanshaw Enterprises based on its allegedly inappropriate hiring of John Doe, unknown contractor, to install the plaintiff's windows, which the plaintiff claims caused mold damage to his home in addition to permanent health problems. *Id.* ¶ 24–26. The court finds the plaintiff would be injured if amendment is not allowed, and Defendant Window World, Inc., by failing to respond to the Motion to Amend, has provided no evidence to the contrary.

III. Conclusion

Having reconsidered the joinder of Hanshaw Enterprises as a defendant in this matter, the court finds that granting the plaintiff's Motion to Amend Complaint [ECF No. 26] was proper. This court is therefore bound by § 1447(e) and **REMANDS** this case to the Circuit Court of Lincoln County, West Virginia. Because the court lacks subject matter jurisdiction, the court leaves other pending motions in this litigation to be addressed in state court.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: January 7, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE